UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SARAH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV621-025 |
| | ) | |
| HYUNDAI MOTOR FINANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Sarah Thompson, appearing *pro se*, has submitted a complaint alleging fraudulent and deceptive trade practices. Doc. 1. She seeks to proceed *in forma pauperis* (IFP). Doc. 2. After reviewing her motion, it appears that she lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff leave to proceed *in forma pauperis*. The Court must now screen the Complaint pursuant to 28 U.S.C. §1915(e). As the complaint is transparently frivolous and fails to state a claim on which relief can be granted, it should be **DISMISSED**.

### I. Background

Plaintiff has filed a complaint that provides virtually no factual support for her conclusory allegations of fraudulent business practices.

*See* doc. 1 at 1–6. The complaint is accompanied by a series of presumed exhibits that provide a convoluted recitation of the underlying facts of this dispute.[1] *Id*. at 7–22. To the extent that the complaint is cogent, it appears that plaintiff visited a Hyundai dealership on December 16, 2021, with the intent of purchasing a 2021 Hyundai Palisade SEL.[2] Doc. 1 at 7. While at the dealership, she completed a financing application, which was ultimately denied. *See* doc. 1 at 20 (correspondence from Hyundai Motor Finance referencing the credit application submitted through Taylor Hyundai Georgia). In considering the credit application, defendant reviewed a credit report provided by Equifax, which identified as points of concern "serious delinquency, too few accounts currently paid as agreed, length of time accounts have been established, [and] amount past due on accounts." *Id*. at 20. She was unable to purchase the desired vehicle.

Included with the complaint is what appears to be a letter sent by plaintiff to defendant in January 2021, demanding to be given either three

---

[1] Plaintiff does not affirmatively incorporate the attached exhibits into her complaint. Despite their uncertain status, the Court considers them in order to determine whether a claim might exist.

[2] Plaintiff claims that she "simply visited the establishment to extend [her] credit to obtain a consumer good—specifically the 2021 Hyundai Palisade SEL: bench seat option, fully loaded." Doc. 1 at 7. In a typical commercial sale, the purchaser does not extend credit, which is the act of a seller permitting a purchaser to delay payment.

new vehicles or $1,520,000 in restitution for her alleged injury. Doc. 1 at 7–14. In the letter, plaintiff alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, Fair Debt Collections Practices Act, 15 U.S.C. 1692, *et seq.*, and Electronic Funds Transfer Act, 15 U.S.C. 1693, *et seq. Id.* at 7. She also alleges that defendant engaged in identity theft, fraud, and embezzlement. *Id.* at 8. The relationship between the letter's assertions and the complaint's claims is not entirely clear.

She claims that by providing her social security number during the process of completing the financing application, she authorized defendant to access her personal accounts for the purpose of transferring money, which created a fiduciary relationship.[3] Doc. 1 at 8. There is no indication or allegation that any funds were transferred into or out of plaintiff's account. She also alleges that defendant sold her personal information, as she received correspondence from Ally Bank and Capital One advising that

---

[3] The nature of this fiduciary relationship is unclear. As plaintiff now claims indigency and has attested to the Court that she has been unemployed since 2019, it is reasonable to presume that funds were not being withdrawn from plaintiff's accounts. *See,* doc. 2 (motion for leave to proceed *in forma pauperis*). There is also no suggestion in the record, or normal practice, that funds would be transferred from the defendant, which provides internal financing.

they had been contacted by the dealer in regard to financing her purchase and both institutions made inquiries on her credit report. *Id.* at 8, 19, 21 & 22. There is no evidence in the pleadings that defendant received any renumeration for providing information to Ally Bank or Capital One. It is also unclear if defendant had any contact with these third-parties, as the exhibits provided indicate that they were contacted by the dealer. *Id.* at 21–22. Plaintiff also threatened to file complaints with various regulatory agencies and a claim against Hyundai Finance in bankruptcy court if her demands are not satisfied.[4]  *Id.* at 13.

## II.   Standard of Review

Under the 28 U.S.C. § 1915(e)(2)(B), the Court must "dismiss [a] case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The complaints of unrepresented parties are held to a less stringent standard than those

---

[4] Bankruptcy courts are courts of limited subject-matter jurisdiction and can only hear cases arising under the Federal Bankruptcy Code. 28 U.S.C. §§ 157, 1334. Plaintiff has not alleged that either party is subject to or anticipates being subject to bankruptcy proceedings.

drafted by an attorney and are afforded a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)); however, they must still comply with procedural requirements, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In its review, the Court also applies the Federal Rule of Civil Procedure 12(b)(6), *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001), accepting all allegations as true and construing them in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). A claim is frivolous when it "lacks an arguable basis

either in law or in fact." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks and citations omitted).

## III. Frivolity

Plaintiff's claims, to the extent that they can be discerned, are transparently frivolous and should be dismissed as they lack "an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In its simplest form, plaintiff's allegations appear to be that she visited a car dealership with the intention to purchase a vehicle. She was unable or unwilling to pay for the transaction with the funds in her possession and sought an extension of credit from the dealer.[5] The dealer performed its due diligence in assessing the risk of extending the requested credit and decided to deny the request. It also contacted other potential financers, who also determined not to assume the risk of extending to desired line of credit. Unable to purchase the vehicle, plaintiff left the dealership. Nothing illegal occurred in this chain of events and plaintiff's unsubstantiated demands for excessive recompense and inaccurate

---

[5] Plaintiff's exhibits identify herself as the creditor and indicate that she wanted to "extend [her] line of credit to obtain a consumer good." *See* doc. 1 at 7. This suggests a fundamental misunderstanding as to how credit operates in a commercial transaction, such as purchasing a vehicle.

references to various statutes does not create an injury or act of malfeasance. As the claim is patently frivolous, it should be **DISMISSED**.

## IV. Failure to State a Claim

Even if the claims were not frivolous, plaintiff has failed to state a claim on which relief can be granted. She has indicated that the suit is brought in diversity, but has also identified five federal statutes as the basis for the Court's jurisdiction. Doc. 1 at 3. Of these identified statutes, only one might arguably form the basis for a cause of action.[6] *See* 15 U.S.C. § 1691(a)(3) (making it unlawful for a creditor to discriminate against an applicant for exercising in good faith a right under the Equal Credit Opportunity Act); *but see* 15 U.S.C. § 1681a(q)(3) (defining "identity theft"); 15 U.S.C. § 1692(a) (stating the Congressional purpose of the Fair Debt Collections Practices Act); 15 U.S.C. § 1602(p) (defining "unauthorized use"). In the "Statement of Claims" section of the complaint, plaintiff provides four theories of recovery, but alleges no supporting facts, only vague and conclusory assertions. *See* doc. 1 at 4.

---

[6] One of the statutes identified by plaintiff, 15 U.S.C. § 1692(j) does not exist.

She does not affirmatively incorporate the accompanying exhibits into her complaint to provide additional needed information.

"[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). This does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Here, the complaint contains nothing more than conclusory allegations. Even if the Court were to look beyond the four corners of the complaint, the exhibits, which are predominantly correspondence exchanged an effort to reach settlement, are sufficiently inconsistent in the relief now sought and the legal theories advanced that they cannot supply the missing facts. *Compare* doc. 1 at 1–6 (seeking $100,000) *with id.* at 7–14 (demanding three vehicles or $1,520,000). As plaintiff has failed to state a claim, this matter should be **DISMISSED**.

## V. Conclusion

Accordingly, the Court **GRANTS** plaintiff's motion for leave to proceed *in forma pauperis*, doc. 2; and **RECOMMENDS** that this case be **DISMISSED** as frivolous or, in the alternative, for failure to state a claim on which relief can be granted. A *pro se* litigant is typically afforded at least one opportunity to amend her pleadings. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"). The Court, however, is not obligated to permit an opportunity to amend when a claim is patently frivolous. *Nezbeda v. Liberty Mutual Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous."). If plaintiff

believes her claim to be non-frivolous, she may file an amended complaint correcting the identified failure to state a claim within the fourteen days permitted for objecting to this Report and Recommendation.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 6th day of April, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA